**Eka Putra HALIM, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION
SERVICE, Respondent.**

No. 07–1069–ag.

United States Court of Appeals,
Second Circuit.

Oct. 29, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Ethan B. Kanter, Senior Litigation Counsel; Ada E. Bosque, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Eka Putra Halim, an ethnic Chinese native and citizen of Indonesia, seeks review of a March 6, 2007 order of the BIA affirming the July 20, 2004 decision of Immigration Judge ("IJ") Sarah M. Burr pretermitting Halim's application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Eka Putra Halim,* No. A 97 150 029 (B.I.A. March 6, 2007), *aff'g* No. A 97 150 029 (Immig. Ct. N.Y. City, July 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA, as here, after remand from this Court adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Substantial evidence supports the BIA's determination that Halim failed to meet his burden of proof for withholding of removal. The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985). A valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *See Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir.2006) (citing *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004)). In order to constitute persecution, the alleged harm must be severe. *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that the harm must rise above "mere harassment"). Here, the BIA reasonably found that the physical attack on Halim during a period of generalized lawlessness and violence in May 1998, even considered together with Halim's other past experiences, did not amount to persecution.

■ Similarly, substantial evidence supports the agency's determination that Halim failed to establish a likelihood of future persecution. Halim contends that he is entitled to a presumption that it is more likely than not that he will be persecuted if returned to Indonesia. This argument is unavailing because he failed to establish that he had been subjected to past persecution, and thus is not entitled to the presumption. 8 C.F.R.

§ 1208.16(b)(1). Furthermore, the IJ reasonably found the fact that Halim's parents and sisters continue to live in Jakarta "without incident," and that his sister continued to work at a school undercut his assertion that he would be singled out for persecution if he returned to Indonesia. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished); *see also Lie v. Ashcroft,* 396 F.3d 530, 537 (3d Cir.2005) (stating that fear of persecution is diminished when "family members remain in petitioner's native country without meeting harm").

Although an applicant for withholding of removal need not show that he would be singled out if there is a pattern or practice of persecution of persons similarly situated, Halim does not argue that he established such pattern or practice. Rather, he urges us to follow the Ninth Circuit's decision in *Sael v. Ashcroft. See* 386 F.3d 922, 925 (9th Cir.2004) (holding that an asylum applicant may demonstrate a well-founded fear of future persecution by proving that he is a member of a "disfavored group," and that the threat of persecution need not be as individualized when the threat to the general group is serious and widespread). The Ninth Circuit has subsequently declined, however, to apply the disfavored group analysis in a situation where there was no evidence of an individualized threat. *See Lolong v. Gonzales,* 484 F.3d 1173, 1181 n. 5 (9th Cir.2007) (declining to apply the disfavored group analysis and instead analyzing whether the petitioner established a pattern or practice of persecution against ethnic Chinese Christians in Indonesia). Halim has failed to present any evidence of an individualized threat and accordingly, we have no reason to consider applying the Ninth Circuit's analysis.

Because Halim was unable to show the clear probability of persecution needed to make out a withholding of removal claim, he was necessarily unable to meet the standard required to succeed on a claim for relief under the CAT, which rested on the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.